PARSONS *vs.* THE PEOPLE.

In criminal proceedings against A., on complaint of B., for adultery with B.'s wife, B.'s wife is a competent witness.

Error to Branch Circuit.

*Opinion by* CAMPBELL, C. J.—Plaintiff in error, having been convicted of adultery, alleges as error that the wife of the complainant was allowed to give testimony against him. He relies on the latter clause of § 4342, *C. L.*, amended in the Laws of 1861, p. 169, and the Laws of 1869, p. 150, which declares that " in any action or proceedings, instituted by the husband or wife, in consequence of adultery, the husband and wife shall not be competent to testify." In connection with this he refers to § 5858, which provides that " no prosecution for adultery shall be commenced but on the complaint of the husband or wife."

The old law forbidding husband and wife to testify for and against each other, in most caaes, was reviewed, but it was shown that in bastardy cases there is now no legal impediment to the wife's proof that she has been guilty of adultery. And in 4 *Edwr. Ch. R.*, 621, a husband was allowed in a case, where the wife of another had sued her husband for adultery, to prove the act to have been done with the wife of the witness. The weight of authority clearly admits such testimony when the husband and wife are not parties.

*Held,* That the present case would come within the decisions referred to, and that the statute has not established any rule of evidence which would prevent the admission of the testimony. The remaining question to be determined was whether the proceeding by criminal process against the adulterer was a proceeding instituted by the husband within the meaing of the statute. *Held,* that it was not, but that the words of the statute relating to this matter were to be confined to civil proceedings.

Judgment of the Court below affirmed.